IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LAMARK PATTON                                                                    PLAINTIFF

v.                              Case No. 1:16-cv-1097

CHRISTOPHER RIORDON and
NICOLE CARTER                                                                 DEFENDANTS

## ORDER

Plaintiff Lamark Patton submitted this *pro se* action for filing on November 30, 2016. Currently before the Court is Plaintiff's failure to prosecute this case, Plaintiff's failure to respond to the Court's order directing Plaintiff to submit a complete *in forma pauperis* ("IFP") application (ECF No. 6) and Plaintiff's failure to respond to the Court's Order to Show Cause. (ECF No. 7).

On December 20, 2016, the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, directed Plaintiff to complete and return an application to proceed IFP with a certification regarding inmate funds held in his name. (ECF No. 6). Plaintiff was advised that if he failed to timely return the completed IFP form, his case may be dismissed for failure to obey an order of the Court. Plaintiff did not respond. Judge Bryant then entered an Order to Show Cause, directing Plaintiff to show by January 25, 2017, why he failed to respond to the Court's December 20, 2016 Order. (ECF No. 7). Again, Plaintiff did not respond.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to prosecute this case and has failed to comply with two of the Court's Orders (ECF Nos. 6, 7). Accordingly, pursuant to Fed. R. Civ. P. 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be and hereby is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 27th day of January, 2017.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge